JS 44   (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
KENNETH TAGGART

## DEFENDANTS
WILLIAM MAHON

**(b)** County of Residence of First Listed Plaintiff **BUCKS**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **CHESTER**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
LAW OFFICES OF DANIEL A PALLEN PLLC  114 W. Front St. Media PA 19063  Tel (484) 550 7542

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [x] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [x] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC 1983
Brief description of cause:
Declaratory and Injunctive Relief

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $
10,000,000.

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [x] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE
12/30/2025

SIGNATURE OF ATTORNEY OF RECORD
Daniel A. Pallen

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: ___Bucks County, Pennsylvania___

---

***RELATED CASE IF ANY:*** Case Number: ___2:25-cv-000982-HB___    Judge: ___Hon. Harvey Bartle___

1. Does this case involve property included in an earlier numbered suit?     Yes [x]

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?     Yes [x]

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?     Yes [ ]

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?     Yes [ ]

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.     Yes [ ]

I certify that, to the best of my knowledge and belief, the within case [x] **is** / [ ] **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A. Federal Question Cases:*

- [ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts
- [ ] 2. FELA
- [ ] 3. Jones Act-Personal Injury
- [ ] 4. Antitrust
- [ ] 5. Wage and Hour Class Action/Collective Action
- [ ] 6. Patent
- [ ] 7. Copyright/Trademark
- [ ] 8. Employment
- [ ] 9. Labor-Management Relations
- [x] 10. Civil Rights
- [ ] 11. Habeas Corpus
- [ ] 12. Securities Cases
- [ ] 13. Social Security Review Cases
- [ ] 14. Qui Tam Cases
- [ ] 15. Cases Seeking Systemic Relief  **see certification below**
- [ ] 16. All Other Federal Question Cases. *(Please specify):*_____

*B. Diversity Jurisdiction Cases:*

- [ ] 1. Insurance Contract and Other Contracts
- [ ] 2. Airplane Personal Injury
- [ ] 3. Assault, Defamation
- [ ] 4. Marine Personal Injury
- [ ] 5. Motor Vehicle Personal Injury
- [ ] 6. Other Personal Injury *(Please specify):*_____
- [ ] 7. Products Liability
- [ ] 8. All Other Diversity Cases: *(Please specify)* _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case [x] **does** / [ ] **does not** have implications beyond the parties before the court and [x] **does** / [ ] **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

[X] Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

[ ] None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KENNETH TAGGART                                          :        CIVIL ACTION
                                                         :
        v.                                               :        NO. _____
                                                         :
WILLIAM MAHON,                                           :
In His Individual and Judicial Capacity                  :
                                                         :
John Doe and/or Jane Doe Justice Defendants of the       :
SUPERIOR COURT OF PENNSYLVANIA,                          :
In His or Her Individual and Judicial Capacity           :
                                                         :
FREDERICK HARRAN, The Sheriff of Bucks County            :
In His Individual and His Official Capacity              :
                                                         :
DANNY CEISLER, The Sheriff (Elect)of Bucks County        :
In His Individual and His Official Capacity              :
(Takes Office on Jan. 5, 2026)                           :
                                                         :
COLEEN CHRISTIAN, The Prohonotary of Bucks               :
County, In Her Individual and Official Capacity          :
                                                         :
DONNA PETRECCO                                           :
The Prohonotary (Elect) of Bucks County, In Her          :
Individual and Official Capacity                         :
(Takes Office on Jan. 5, 2026)                           :
                                                         :
DEUTSCHE NATIONAL TRUST COMPANY, AS                      :
TRUSTEE FOR MORGAN STANLEY ABS                           :
CAPITAL I INC. TRUST 2007-HE2, MORTGAGE                  :
PASS-THROUGH CERTIFICATES, SERIES                        :
2007-HE2                                                 :
                                                         :
COUNTY OF BUCKS, State of Pennsylvania                   :
                                                         :
John or Jane Doe Defendants of the BUCKS COUNTY          :
COURT OF COMMON PLEAS, In His or Her                     :
Individual and Judicial Capacity                         :
                                                         :
BENJAMIN KOHLER, the Prothonotary of                     :
the Superior Court of Pennsylvania, In His               :
Individual and Judicial Capacity                         :

## COMPLAINT FOR VIOLATION(S) OF CIVIL RIGHTS UNDER 42 U.S.C. §1983 FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF, AND DAMAGES

Plaintiff, KENNETH TAGGART ("Taggart") by and through undersigned counsel, files this Complaint pursuant to 42 U.S.C § 1983 for damages arising out of violations of his rights secured by the Constitution for the United States by the Defendants "acting under color of state law", for Declaratory and Injunctive Relief against all defendants. Plaintiff also seeks damages regarding Defendants, Deutsche National Trust Company, as Trustee for Morgan Stanley ABS Capital I Inc. Trust 2007-HE2, Mortgage Pass-Through Certificates, Series 2007-HE2 ("Deutsche"), Frederick Harran ("Harran"), Danny Ceisler ("Ceisler"), Coleen Christian ("Christian"), and Donna Petrecco ("Petrecco").

## SHORT AND PLAIN STATEMENT

Plaintiff's claims herein cite to the Fifth and Fourteenth Amendment to the United States Constitution pursuant to the United States Constitution in this action regarding a state court action in Bucks County, Pennsylvania which deprived him of his due process rights, liberty rights, and property rights. Plaintiff seeks declaratory and injunctive relief against all Defendants for depravation of his constitutional rights, as well as court costs and legal fees. Additionally, Plaintiff seeks damages against Deutsche Bank N.A., Frederick Harran, Danny Ceisler, Coleen Christian, and Donna Petrecco, for acting under "color of law" depriving him, or preventing the deprivation, of his constitutional rights. A constitutional remedies clause is a legal mechanism that allows citizens to seek relief from the courts when their constitutional rights are violated *via* a legal action pursuant to 42 U.S.C. §1983 to redress said violations. Remedies can include, *inter alia*, court orders to change laws, exclude evidence, laws that are unconstitutional, preclude a person from exercising a remedy provided under the law pursuant

to a protected right under the United States Constitution, prevent arbitrarily application of the law, or compensate for harm. The remedies clause of the United States Constitution gives citizens the right to seek judicial relief when their constitutional rights are violated. This right is also known as the constitutional right to a remedy.

## **THE PARTIES**

1.      Plaintiff, Kenneth Taggart, is a resident of Bucks County, Pennsylvania, and is a party in a state court case: Deutsche National Trust Company, as trustee for Morgan Stanley ABS Capital I Inc. Trust 2007-HE2, Mortgage Pass-Through Certificates, Series 2007-HE2 v Taggart, Bucks County C.C.P. 2018 – 0564.

2.      Plaintiff, Kenneth Taggart, has an address of: 45 Heron Rd., Holland, PA 18966.

3.      Defendant, Deutsche National Trust Company is a Defendant with an address of: 1761 St Andrews Place, Santa Anna, CA. 92705.

4.      Defendant, William Mahon, is sued herein in his individual capacity, and judicial capacity (He is a presiding as a judge in the Bucks County Court of Common Pleas in the civil action in state court).

5.      Defendant, William Mahon has an address of: Hon. William P Mahon S.J. c/o. Amy Schreiber, Bucks County Justice Center 100 North Main Street, Doylestown, PA 18901

6.      Defendants, John Doe and Jane Doe Defendants are jurist in the Superior Court of Pennsylvania which are unknown at this time, but have adjudicated some claims and will further adjudicate pending claims identified in this action.

7.      Superior Court Doe Defendants have an address of: Pennsylvania Judicial Center, 601 Commonwealth Ave., Suite 1600, P.O. Box 62435, Harrisburg, PA 17106.

8.     Defendant, William Mahon, is sued herein in his individual and judicial capacity, for declaratory and injunctive relief, court costs, and attorney's fees.

9.     Defendants, John Doe and Jane Doe of the Court of Comon Pleas, Defendants are sued herein in their judicial capacity and individual capacity for declaratory and injunctive relief, court costs, and attorney's fees.

10.     John Doe and Jane Doe of the Court of Comon Pleas have an address of: Bucks County Justice Center 100 North Main Street, Doylestown, PA 18901.

11.     Defendant, Deutsche National Trust Company, as trustee for Morgan Stanley ABS Capital I Inc. Trust 2007-HE2, Mortgage Pass-Through Certificates, Series 2007-HE2, is sued herein for declaratory and injunctive relief, court costs, attorney's fees, and damages.

12.     The Prothonotary of Bucks County, Coleen Christian, is sued in her individual and official capacity as Prothonotary of Bucks County, Pennsylvania for declaratory and injunctive relief, court costs, attorney's fees, and damages.

13.     The Prothonotary of Bucks County, Coleen Christian has an address of: 100 North Main Street, Doylestown, PA18901.

14.     The "Prothonotary *elect* of Bucks County", Donna Petrecco, is sued in her individual and official capacity as Prothonotary of Bucks County, Pennsylvania for declaratory and injunctive relief, court costs, attorney's fees, and damages.

15.     The "Prothonotary *elect* of Bucks County", Donna Petrecco has an address of: 100 North Main Street, Doylestown, PA 18901.

16.     The Sheriff of Bucks County, Frederick Harran, is sued in his individual and official capacity as Sheriff of Bucks County, Pennsylvania for declaratory and injunctive relief, court costs, attorney's fees, and damages.

17.     The Sheriff of Bucks County, Frederick Harran, has an address of: 100 N. Main Street, Floor B2, Doylestown, PA 18901

18.     The Sheriff *elect* of Bucks County, Danny Cisler, is sued in his individual and official capacity as Sheriff of Bucks County, Pennsylvania for declaratory and injunctive relief, court costs, attorney's fees, and damages.

19.     The Sheriff *elect* of Bucks County, Danny Cisler has an address of: 100 N. Main Street, Floor B2, Doylestown, Pa. 18901

20.     The County of Bucks in the State of Pennsylvania, is a Defendant as a person pursuant to 42 U.S.C § 1983, and is sued for injunctive relief, declaratory relief, and for damages, court costs, and attorney's fees.

21.     The County of Bucks in the State of Pennsylvania has an address of: Bucks County Justice Center at 100 N. Main St, Doylestown, Pa. 18901.

22.     Benjamin Kohler, the Prothonotary of the Superior Court of Pennsylvania, 601 Commonwealth Ave., Suite 1600, P.O. Box 62435, Harrisburg, PA 17106, is sued for declaratory and injunctive relief.

## JURISDICTION AND VENUE

23.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this is a civil action arising under the Constitution and laws of the United States.

24.     The claims arise from an action in Bucks County Pennsylvania regarding, due process rights, liberty rights, and property rights.

25.     Specifically, Deutsche National Trust Company, as trustee for Morgan Stanley ABS Capital I Inc. Trust 2007-HE2, Mortgage Pass-Through Certificates, Series 2007-HE2 v Taggart, Bucks County C.C.P. 2018 – 0564.

26.     Jurisdiction of this Court also arises under 28 U.S.C. § 1343(a)(3)-(4) to redress civil rights violations.

27.     Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. 391(b)(1)-(2).  The claims arose in Bucks County, Pennsylvania, within the Eastern District of Pennsylvania.

28.     While judges have absolute immunity from money damages, they may still be sued for declaratory or injunctive relief under 42 U.S.C. § 1983. *Allen v. Debello,* 861 F.3d 433 (3d Cir. 2017).

29.     A judge who acts as an enforcer or administrator of a statute can be sued under Section 1983 for declaratory or injunctive relief (if declaratory relief is unavailable). Id. at 440. 42 U.S.C. § 1983 limits the type of relief available to plaintiffs who sue judges to declaratory relief."); *Sudduth v. Donnelly*, No. 08 C 4227, 2009 WL 918090, at *5 (N.D. Ill. Apr. 1, 2009).

30.     The Sheriff of Bucks County is a county employee and is a person pursuant to 42 U.S.C. § 1983.

31.     The Prothonotary of Bucks County is a county employee and is a person pursuant to 42 U.S.C. § 1983.

32.     The County of "Bucks County" is a person pursuant to 42 U.S.C. § 1983.

33.     The Prothonotary of the Superior Court of Pennsylvania is a person pursuant to 42 U.S.C. § 1983.


[CONTINUED ON NEXT PAGE]

## RELEVANT FACTS

34.     On September 16, 2024, Deutsche Bank sought to enforce an *in-rem* judgment[1] against Taggart by filing a "Writ of Execution" and affidavit of service of the sale.

35.     The affidavit of service of September 16, 2024, alleged it had served all parties necessary to comply with all statutory requirements, including Pa.R.C.P. 3129.1 and 3129.2.

36.     On December 4, 2024, Taggart filed a "Petition to Set Aside the Writ of Execution", citing several issues including the lack of notice to all parties and equitable issues warranting that the writ be set aside.

37.     On December 18, 2024, an amended affidavit of the notice of sale was filed by Deutsche Bank.

38.     The affidavit of service of December 18, 2024, alleged it had served all parties necessary to comply with all statutory requirements, including Pa.R.C.P. 3129.1 and 3129.2.

39.     On December 9, 2024, the court issued a rule to show cause on why the "Writ of Execution" should be set aside, and allowed for discovery.

40.     Deutsche Bank after initially agreeing to provide for deponents, they eventually engaged in dilatory actions with Taggart, then refused to produce any deponents.

41.     On February 8, 2025, Taggart filed a Motion to Compel the depositions.

42.     On February 27, 2025, Deutsche Bank sought a protective order regarding any discovery sought by Taggart, including depositions.

43.     On July 8, 2025, Taggart filed a "Petition to Stay or Postpone the Sheriff Sale" scheduled for July 11, 2025, due to, *inter alia*, pending his pending "Petition to Set Aside the Writ of Execution", the "Motion to Compel Discovery" and, the "Protective Order".

---

[1] An *in rem* judgment was entered by the trial court on March 15, 2021.

44.     On July 10, 2025, Judge Mahon issued an order (Dkt #337) which vacated the "Rule to Show Cause" for depositions regarding Taggart's "Petition to Set Aside the Writ of Execution", and denied the "Petition to Set Aside the Writ of Execution". The July 10, 2025, order was issued without and oral argument or any hearing.

45.     On July 11, 2025, Taggart filed an "Amended Petition to Stay or Postpone the Sheriff Sale".

46.     On July 11, 2025, the court held a brief oral argument on the "Petition to Stay or Postpone the Sheriff Sale" as filed by Taggart on July 8, 2025.

47.     At the July 11, 2025, oral argument, Judge Mahon refused to hear any argument on equitable grounds, including new evidence proffered by Deutsch Bank that *could not have been presented* to the court when in the foreclosure action, nor in any appeals to the Superior Court or Pennsylvania Supreme Court. The appellate courts are only able to review the record in the trial court. The information Taggart wanted to present at the oral argument was never reviewed by any appellate court, nor did they have jurisdiction to do so.

48.     On July 11, 2025, Judge Mahon refused to hear any argument, or even consider the Amended "Petition to Stay or Postpone the Sheriff Sale" alleging the petition was untimely and had no verification appended to the petition.

49.     On July 11, 2025, after the brief oral argument on the Petition to Stay only, the subject property was sold at sheriff sale by Defendant Harran.

50.     On July 29, 2025, Taggart timely filed a "Petition to Set Aside the Sheriff's Sale".

51.     On August 4, 2025, the Sheriff of Bucks County, Defendant Harran, fraudulently recorded the sheriff's deed pursuant to Pa.R.C.P. 3135, despite a pending "Petition to Set Aside the Sale" having been filed by Taggart.

> Pa Rule 3135 (a) When real property is sold in execution and no petition to set aside the sale has been filed, the sheriff, at the expiration of twenty days but no later than 40 days after either the filing of the schedule of distribution or the execution sale if no schedule of distribution need be filed, shall execute and acknowledge before the prothonotary a deed to the property sold. The sheriff shall forthwith deliver the deed to the appropriate officers for recording and for registry if required. Confirmation of the sale by the court shall not be required.

52.     On August 21, 2025, Taggart filed a "Petition to Strike the Sheriff's Deed" recorded August 4, 2025.

53.     The "Petition to Strike the Sheriff's Deed" is still pending and a meaningful hearing and oral argument has been requested by Taggart. Taggart seeks relief to have the trial court provide for a "meaningful hearing", "oral argument", and "equal application of the rule of law".

54.     On September 2, 2025, Judge Mahon denied Taggart's "Petition to Set Aside the Sale" without any reasoning or opinion as to the arguments presented by Taggart.

55.     Pennsylvania law, nor rules of civil procedure provide any right to oral argument, even when property rights are at stake. Taggart contends Pa.R.C.P. 211, and any denial to oral argument is a violation of his due process rights.

56.     Since 2016, Pa.R.C.P. 211 provides that oral argument is granted only at the discretion of the trial court.  Prior to 2016, Rule 211 stated in part that: "[a]ny party or the party's attorney shall have the right to argue any motion and the court shall have to require oral argument".

57.    Notwithstanding the lack of any guarantee to oral argument, the lack of any "meaningful hearing" by way of rule of law, or mechanism provided by the court, deprives Taggart of his due process rights and property rights. Emphasis by Taggart is made regarding "Meaningful Hearing", which involves much more that just oral argument. It should include the requirements as set forth in *Goldberg v. Kelly*, 397 U.S. 254 (1970) and *Mathews v. United States*, 485 U.S. 58 (1988). The United Supreme Court has also found that a hearing is necessary when property rights are at stake. *Bell v. Burson*, 402 U.S. 535 (1971).

58.    Judge Mahon has issued several orders as set forth in the state court action in which he offered little reasoning, or an opinion to support his decision. Taggart contends this deprives him of his due process and property rights.

59.    Pennsylvania Law does not require a judge to provide an opinion or reasoning for their decisions and judges in Pennsylvania routinely issue orders with little and sometime no reasoning. This is routinely done by custom in Pennsylvania by judges simply issuing an order which indicates "denied", or granted" with no reasoning or opinion proffered.

60.    Taggart has contended the lack of any rule and the custom of issuing orders without reasoning or opinions violate his due process rights and property rights.

61.    The requirement of a judge to provide an opinion pursuant to Pa.R.A.P. 1925 does only requires a judge to issue an opinion only after an appeal is taken.

62.    Pa.R.A.P. 1925 further violates the due process rights of Taggart as he has to guess the reasoning relied on by the trial court judge when he files a "Statement of Issues Complained" pursuant to Pa.R.A.P. 1925.

63.    Judge Mahon has issued several orders in which he has not presented the facts accurately, or have omitted facts relevant to the decision. Taggart contends this deprives him of his due process and property rights.

64.    Judge Mahon has also failed to issued timely opinions regarding several orders appealed pursuant to Pa.R.A.P. 1925.

65.    Judge Mahon has refused to provide any issuance of an order, or an opinion, as to the finality of any order issued by him, or in the action in state court.

66.    On October 2, 2025, Taggart filed a motion with the court to determine which order, if any order entered in the action was a final order, but Judge Mahon failed to issue any ruling on the matter.

67.    On December 15, 2025, Judge Mahon issues a deficient and misleading opinion regarding the appeal of Taggart's "Petition to Set Aside the Sheriff's Sale", Appeal in the Superior Court of Pennsylvania, 2543 EDA 2025.

68.    Also at issue is an *in personam* judgement which was entered on the docket on May 20, 2021, unilaterally, and without legal authority by Deutsche Bank.

69.    The *in personam* judgment was entered by Deutsche Bank as permitted by the custom set forth by the prothonotary of Bucks County, and the County of Bucks.

70.    Notably, the state court never entered any *in personam* judgment against Taggart, only an *in rem* judgment on March 15, 2015, which is not challenged here in this action.

71.    The prothonotary of Bucks County is suppressing records without authority and depriving Taggart and the public access to orders, decisions, and opinions, including those of the Pennsylvania Appellate Courts.

72.    Both, the Bucks County Protonotary and the Prothonotary of the Superior Court have suppressed records that are subject to appeal without cause violating Taggart's constitutional rights, as well as other persons who seek to view public records.

73.    The Prothonotary of the Superior Court suppresses records by failing to provide on-line access to records and failing to provide for an on-line query search of cases, filings, and opinions. This deprives Taggart, and other persons similarly situated, of the ability to access appellate court records that may be used to support his claims.

74.    Plaintiff requests the court take judicial notice pursuant to F.R.E. 201 of claims in the Bucks County Court of Common Pleas, Deutsche National Trust Company, as trustee for Morgan Stanley ABS Capital I Inc. Trust 2007-HE2, Mortgage Pass-Through Certificates, Series 2007-HE2 v Taggart, Bucks County C.C.P. CV- 2018-0564, and related appeals in the Superior Court of Pennsylvania, 2543 EDA 2025, 1751 EDA 2025, 2050 EDA 2025, 2051 EDA 2025, and 2052 EDA 2025.

## SUMMARY OF CLAIMS

75.    This is an action arising under 42 U.S.C. § 1983 for declaratory relief and for deprivation of federal constitutional rights by Defendants "acting under color of state law" in Bucks County, Pennsylvania.

76.    To be clear: the Plaintiff is requesting the court review the due process and property rights as it was applied, or otherwise deprived of by the Defendants. The Plaintiff *is not* **asking the court to reverse any *in-rem* judgment in the foreclosure action that was rendered or pronounced in the state court judgment.**

77.    Plaintiff brings these claims against Defendants, Deutsch Bank, Mahon, Christian and Harran regarding the lack of due process rights, liberty rights, and property rights

prior to the sale of Plaintiff's property, and after the sale of his property. The sale was to satisfy an *in-rem* judgment.

78.    Defendant, Mahon, violated Taggart's due process rights, liberty rights, and property rights when he failed to strike the defective writ of execution, failed to provide for oral argument or a meaningful hearing, regarding the defective writ of execution, equitable reasons to set aside the writ, and failed to allow for a hearing on new evidence proffered by Deutsch Bank. Judge Mahon also failed to equally apply the law to Taggart regarding the defective writ and equitable principals raised in his petition.

79.    Defendant Mahon also failed to equally apply the law and provide for a meaningful hearing to Taggart when he filed a "Petition to Stay or Postpone the Sale", and an "Amended Petition to Stay of Postpone the Sale". This violated Taggart's due process rights, liberty rights, and property rights.

80.    Defendant, Mahon, failed to provide any oral argument whatsoever on the "Amended Petition to Stay or Postpone the Sale" on July 11, 2025, alleging that the Amended Petition was untimely filed and without verification. The local rule of civil procedure in Bucks County provides that it was not untimely and the verification was for some reason not appended to the Petition. Taggart, as well as his counsel offered to provide a verification to the court, but this offer was rejected by Judge Mahon. Taggart further contends a verification was not needed, but offered to provide one. This violated Taggart's due process, liberty rights, and property rights.

81.    Judge Mahon's denial of oral argument, or a meaningful hearing on the Amended Petition to Stay, the Petition to Set Aside the Writ of Execution, the Petition to Set Aside the Sale violated Taggart's due process rights and seeks injunctive and declaratory relief. This violated Taggart's due process, liberty rights, and property rights.

82.     Taggart seeks injunctive and declaratory relief against Judge Mahon, or any John or Jane Doe Defendants who may adjudicate the claims, or future claims, in place of Judge Mahon, to hold a meaningful hearing and oral argument on the "Petition to Strike the Sheriff's Deed" which is pending before the court. Any further motions or petitions regarding Taggart's property rights should warrant oral argument and a meaningful hearing as Taggart asserts herein.

83.     Plaintiff also seeks declaratory relief, injunctive relief, and damages against Defendant, Deutsche Bank, Bucks County, and the Bucks County Prothonotary, who entered on the docket an *in personam* judgment against Taggart that was never authorized by the Court of Common Pleas; This relief could they have been authorized by the court as said relief  was never even sought in any state court action.

84.     Defendants who participated in depriving Taggart of due process and liberty rights are, Deutsche Bank, the prothonotary of Buck County, and the County of Bucks, who all participated in entering an *in personam* judgment against Taggart without any authority, or rule of law. This was perpetrated by all parties by custom.

85.     Taggart emphasizes that relief arising under 42 U.S.C. § 1983 only prohibits a review of a judgment authorized, or pronounced, by a state court judgment. An *in personam* judgment was neither sought by Deutsche Bank in any state court proceeding, nor relief granted by any court, but an *in personam* judgment was entered unilaterally on the docket by Deutsche Bank on May 20, 2021. The custom of the "County of Bucks" and the prothonotary allowing this unilateral action renders Deutsche Bank a "state actor" by unilaterally entering an in-personam judgment without any authority, or rule of law.

86.    The local custom of Bucks County and the Prothonotary allow for a judgment to be unilaterally entered without review or authorization by a party, in this case Deutsche Bank entering an *in personam* judgment against Taggart without any legal authority.

87.    Notably, Christian and Harran are elected public officials who will leave office on January 5, 2026, at which time the declaratory and injunctive relief will include Petrecco, and Cisler, who will assume their respective positions in Bucks County.

88.    Taggart cites several issues which he cites as due process, liberty, and property violations which he contends warrant injunctive and declaratory relief. Damages are also sought as allowed on some claims against Deutsche Bank, Christian, Harran, Petrecco, Cisler, and Bucks County.

89.    Deutsch Bank filed a defective writ of execution for the sale of Plaintiff's property, and by way of custom Defendants Harran (Sheriff) and Christion (Prothonotary), allowed for Deutsche Bank to effectuate service of the sale upon to all parties instead of the Harran providing notice.

90.    Deutsche merely filed an affidavit that it effectuated notice of sale as required by statute and rule of law by filing an affidavit which filing of a writ of execution and sheriff sale of Plaintiff's property.

91.    Plaintiff and his property which violated his due process and property rights pursuant to the United States Constitution when Plaintiff was deprived due process and property rights when Deutsche Bank issuing a defective writ of execution and failed to properly effectuate notice of the same pursuant to statute and as required pursuant to the fifth and fourteenth amendments of the United States Constitution.

92.     Defendant, William Mahon, further upheld Plaintiff's Motion to Strike the defective Writ of Execution due to the failure to effectuate the notice to all parties pursuant to statutory and contractual obligations of Deutsche Bank.

93.     Defendant, William Mahon, further failed to hold a hearing, or oral argument, to effectuate due process on new and/or retracted evidence, as required pursuant to the Fifth and Fourteenth Amendments to the Constitution of the United States.

94.     A "hearing" was required to effectuate, due process, liberty rights, and property rights, when adjudicating the "Petition to Strike the Writ of Execution".

95.     The Defendants violated Taggart's due process, liberty rights, and the property rights of Plaintiff by, *inter alia*: (i) failing to provide notices to all parties to the sale of his property; (ii) prohibiting him presenting new evidence and retracted evidence that was not subject to the review of the Superior Court and Pennsylvania Supreme Court (iii) failing to provide equal application of the rules and laws of the Commonwealth of Pennsylvania; (iv) (v) depriving him of "notice" as required by "Due Process; (vi) depriving  him of discovery and depositions of material witnesses, and (vii) depriving him of any "hearing" prior to rendering  decisions regarding him, and his property.

96.     Defendants have engaged in a pattern and practice of such conduct these violations of the Due Process, Takings Clauses of the 14th and 5th amendments, 42 U.S.C. 1983, violating the remedies clause, and "continuing conduct" of the same. Here, the defendant's conduct was an actual cause of the claimed injury depriving Plaintiff of his constitutional rights, *See Generally Ochoa v. Pub. Consulting Grp., Inc*., 48 F.4th 1102, 1107 (9th Cir. 2022) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).

97.     The prothonotary of Bucks County, Coleen Christian, has allowed a filing of an *in personam* judgment to be entered on the docket by way of local custom of the Bucks County Prothonotary's office and Coleen Christion to allow a party, in this case Deutsche Bank, to enter a judgment by praecipe on the docket themselves, and without any authority to do so as a matter of law.

98.     Specifically, on May 20, 2021, Deutsche Bank entered a praecipe to enter a judgment *in personam* on the docket against Plaintiff, Taggart, despite having no legal authority to do so.

99.     The Common Pleas Court did not authorize, nor is there any other legal authority in the Commonwealth of Pennsylvania that provides for the authority of Deutsch Bank to enter a judgment *in personam* against Taggart. There were never any claims by Deutsche Bank, nor authority to do so by Deutsche Bank.

100.     To be clear, Taggart is requesting relief from the *in personam* judgment which was never granted by the court, yet entered on its own accord by Deutsch Bank on May 20, 2021.

> **PRAECIPE TO ENTER JUDGMENT ON THE ORDER ENTERED in favor of DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR MORGAN STANLEY ABS CAPITAL I INC TRUST 2007-HE2 MORTGAGE PASS-THROUGH and against KENNETH J TAGGART for the sum of 835182.13 on the Order of 03/15/2021. NOTICE 236 SENT ON 5-20-2021.**

101.     This *in personam* judgment entered by Deutsch Bank was entered as allowed by the custom in Bucks County Pennsylvania, and the Prothonotary, Coleen Christion.

102.     Deutsche Bank was able to enter a judgment by praecipe against Taggart individually (without any court order granting or determining *in personam* relief) thus depriving Plaintiff of his constitutional rights, due process and property rights and commercially defaming Taggart.

103.    The Sheriff of Bucks County, Frederick Harran, also filed a sheriff's deed without authority on August 31, 2025, when statutory law prohibited the transfer and recording of a sheriff's deed with a pending "Petition or Motion to Set Aside the Sale".

104.    Defendant Mahon, also failed to provide for any "oral argument" or "hearing" to Set Aside the Writ of Execution" when he denied the "Petition to Set Aside the Writ of Execution".

105.    Defendant Mahon, also failed to provide for any Oral argument", or "hearing" to "Set Aside the Sale" when he denied the "Petition to Set Aside the Sale".

106.    Defendant Mahon, also failed to "Set Aside the Writ of Execution" when he denied the "Petition or Motion to Set Aside the Sale" as the writ was defective.

107.    In the state court case, Defendant William Mahon (Judge of the Bucks County Court of Common Pleas) acting under color of state law, displayed bias and prejudice towards Taggart, arriving at rulings by way of depriving the Plaintiff of his civil rights including his "liberty rights, property rights and due process rights" guaranteed under the Fifth and Fourteenth Amendments to the United States Constitution. Defendant has also violated the contract clause in Article I, Section 10, Clause 1 of the United States Constitution.

108.    The Judicial Defendants failed to find that Plaintiff was "entitled to a hearing prior to the court pronouncing judgment", as provided by the United States Constitution to effectuate due process when property Rights are at stake, pursuant to *Goldberg v. Kelly*, 397 U.S. 254 (1970), *Mathews v. Eldridge*, 424 U.S. 319 (1976), and *Bell v. Burson*, 402 U.S. 535 (1971), whereas the Supreme Court has found that a hearing is necessary when property rights are at stake.

109.     The Judicial Defendants failed to find that Plaintiff was "entitled to a hearing prior to the court pronouncing judgment" regarding "Notice" of Writ of Execution", after he demanded a hearing or oral argument, and none was provided to him and there were issues raised by Plaintiff concerning material facts.

## COUNT ONE FOR INJUCTIVE AND DECLARATORY RELIEF
### *Against Defendant, William Mahon and John Doe Defendants*

110.     Plaintiff hereby incorporates all other paragraphs as if set forth herein more fully at length as part of this claim for relief.

111.     Plaintiff seeks declaratory and injunctive relief to effectuate due process, liberty rights, and property rights, by providing for mandatory oral argument when property interests are at stake as they have been in the action and claims that are subject to these claims, and continue on an on-going basis.

112.     Plaintiff has been deprived due process, liberty rights, and property rights, by the deprivation of Defendant William Mahon for failing to provide oral argument to adjudicate his motion and petitions regarding his claims and his property. This deprivation of any oral argument is customary in the Commonwealth of Pennsylvania since Rule 211 was rescinded by the Commonwealth of Pennsylvania.

113.     Plaintiff seeks declaratory and injunctive relief for this court to declare that oral argument is a requirement of due process and should be afforded to Plaintiff in his claims in state court, and should have been afforded during the adjudication of prior claims already adjudicated by the Bucks County Court of Common Pleas, and the Superior Court of Pennsylvania.

114.    Plaintiff seeks an order requiring adjudication of all claims made in the state of Pennsylvania regarding property should require oral argument.

## COUNT TWO FOR INJUNCTIVE DECLARATORY RELIEF
### *Against Defendant, William Mahon and John Doe Defendants*

115.    Plaintiff hereby incorporates all other paragraphs as if set forth herein more fully at length as part of this claim for relief.

116.    Plaintiff seeks declaratory and injunctive relief to effectuate due process, liberty rights, and property rights, by providing for mandatory "meaningful hearing" when property interests are at stake as they have been in the action and claims that are subject to these claims, and continue on an on-going basis.

117.    Plaintiff has been deprived due process, liberty rights, and property rights, by the deprivation of Defendant William Mahon for failing to provide a "meaningful hearing" to adjudicate his motion and petitions regarding his claims and his property. This deprivation of any oral argument is customary in the Commonwealth of Pennsylvania since Rule 211 was rescinded by the Commonwealth of Pennsylvania.

118.    Plaintiff seeks declaratory and injunctive relief for this court to declare that oral argument is a requirement of due process and should be afforded to Plaintiff in his claims in state court, and should have been afforded during the adjudication of prior claims already adjudicated by the Bucks County Court of Common Pleas, and the Superior Court of Pennsylvania.

119.    Plaintiff seeks an order requiring adjudication of all claims made in the state of Pennsylvania regarding property should require a "meaningful hearing".

**COUNT THREE FOR INJUNCTIVE AND DECLARATORY RELIEF**
*Against Defendant, Coleen Christian, County of Bucks, and Benjamin Kohler*

120.    Plaintiff hereby incorporates all other paragraphs as if set forth herein more fully at length as part of this claim for relief.

121.    Plaintiff seeks declaratory and injunctive relief to effectuate due process, liberty rights, and property rights, by depriving Taggart of on-line access to records in the Bucks County Court of Common Pleas.

122.    Coleen Christion has not made all records of the Bucks County Court of Common Pleas available.

123.     Coleen Christion has suppressed Opinions and Orders for on-line access and unavailable concealing the orders and opinions of the Bucks County Court of Common Pleas as well as Superior Court orders and opinions

124.    Benjamin Kohler, the prothonary of the Superior Court has failed to allow on-line access to Taggart and other litigants so as to conceal the orders, opinions, and records in Superior Court cases in Pennsylvania.

125.    Plaintiff seeks declaratory and injunctive relief for this court to declare that the Bucks County Court of Common Pleas, and the Superior Court of Pennsylvania, shall make all records available to the public and provide on-line access to search cases of their courts, excepting those cases which are by rule of law required to be under seal.

126.    Plaintiff seeks an order requiring all records of Pennsylvania Courts be made available to the public by way of on-line access, without hindering any access, and have the ability to search all Pennsylvania state court records, excepting those records under seal as required by rule of law.

## COUNT FOUR FOR INJUNCTIVE AND DECLARATORY RELIEF
### *Against Defendant, Coleen Christian, County of Bucks and Benjamin Kohler*

127.     Plaintiff hereby incorporates all other paragraphs as if set forth herein more fully at length as part of this claim for relief.

128.     On or about December 16, 2025, both Coleen Christian and Benjamin Kohler have unilaterally, and without authority, sealed the filings that are the subject of the claims in this action. Records in both in the Pennsylvania Court of Common Pleas and in the Superior Court of Pennsylvania have unilaterally been sealed without cause.

129.     This unilateral action was done without notice to any of the parties and without any authorization or reasoning provided for such unilateral action.

130.     Plaintiff seeks declaratory and injunctive relief to effectuate due process, liberty rights, and property rights by unsealing the records for public viewing.

131.     Plaintiff seeks declaratory and injunctive relief for this court to declare that the Coleen Christion, and Benjamin Kohler, shall unseal the records as set forth herein and offer unfettered access to the public without hindering any access, and have the ability to search all Pennsylvania state court records.

## COUNT FIVE FOR INJUNCTIVE AND DECLARATORY RELIEF
### *Against Defendant William Mahon, Doe Defendants of the Court of Common Pleas, and Doe Defendants of the Superior Court of Pennsylvania*

132.     Plaintiff hereby incorporates all other paragraphs as if set forth herein more fully at length as part of this claim for relief.

133.     William Mahon has not afforded Taggart equal protection of the law in adjudicating the claims as set forth herein.

134.    Plaintiff seeks injunctive and declaratory relief for each time Defendants have failed to equally apply the law and to equally apply the law to Taggart in the adjudication of all pending and future claims made herein.

## COUNT SIX FOR DECLARATORY AND INJUCTIVE RELIEF
### *Against Defendants Harran, Cisler, Christian, Petrecca and County of Bucks*

135.    Plaintiff hereby incorporates all other paragraphs as if set forth herein more fully at length as part of this claim for relief.

136.    Defendants have delegated to the lenders (foreclosure plaintiffs), including Deutsche Bank, the duty to effectuate notice of sale to enforce an *in rem* judgment which violates Taggart's due process rights.

137.    Plaintiff seeks injunctive and declaratory relief for to declare this practice violates Taggart's due process rights as well as other persons subjected to this procedure.

## COUNT SEVEN FOR DECLARATORY RELIEF
### *Against Defendants Christian and Petrecca, County of Bucks and Deutsche Bank*

138.    Plaintiff hereby incorporates all other paragraphs as if set forth herein more fully at length as part of this claim for relief.

139.    Defendants have permitted lenders, including Deutsche Bank, the authority to unilaterally enter on the record relief against a Defendant, including *in personam* judgments which violated Taggarts due process rights.

140.    Plaintiff seeks injunctive and declaratory relief for to declare this practice violates Taggart's due process rights as well as other persons subjected to this procedure.

**COUNT EIGHT FOR DECLARATORY AND INJUCTIVE RELIEF**
*Against Defendant, William Mahon and John Doe Defendants*
*of Superior Court and Bucks County Court*

141.    Plaintiff hereby incorporates all other paragraphs as if set forth herein more fully at length as part of this claim for relief.

142.    Plaintiff seeks declaratory and injunctive relief to effectuate due process, liberty rights, and property rights, by providing for mandatory reasoning and opinion when rendering decisions in his action and in the Commonwealth of Pennsylvania.

143.    Plaintiff has been deprived due process, liberty rights, and property rights, by the deprivation of Defendant William Mahon for failing to provide reasoning or an opinion on all decisions he has issued in the past and seeks for relief for him to provide reasoning and opinions in all future decisions upon their adjudication, not only when appealed.

144.    Plaintiff seeks declaratory and injunctive relief for this court to declare that providing reasoning and an opinion is a requirement of due process and liberty rights and should be afforded to Plaintiff in his claims in state court, and should have been afforded during the adjudication of prior claims already adjudicated by the Bucks County Court of Common Pleas, and the Superior Court of Pennsylvania.

145.    Plaintiff seeks an order requiring Judge Mahon proffer reasoning and an opinion on all decisions made in the state of Pennsylvania regarding his claims and property.

146.    Plaintiff declaratory relief from the court declaring that prior decisions failed to proffer reasoning and an opinion, and that all future decisions should proffer reasoning and an opinion regarding the decision.

## COUNT NINE FOR DECLARATORY RELIEF, INJUCTIVE RELIEF, AND DAMAGES
### *Against Defendants, William Mahon, Harran, Deutsche Bank,*
### *Bucks County, and any Doe Defendants*

147.    Plaintiff hereby incorporates all other paragraphs as if set forth herein more fully at length as part of this claim for relief.

148.    Plaintiff seeks declaratory and injunctive relief to effectuate due process, liberty rights, and property rights, by arbitrarily applying the law regarding a "Writ of Execution" to effectuate a sale of his property.

149.    Defendants effectuated a sale when it failed to equally applied the law to Taggart and the "Writ of Execution" used to effectuate the sale of his property on July 11, 2025.

150.    Taggart seeks declaratory and injunctive relief from the court declaring the "Writ of Execution" was not in compliance with the rule of law and arbitrarily applied to Taggart.

151.    Taggart also seeks damages in the amount of $10,000,000 from Defendants, Deutsche Bank, Bucks County, and Harran.

## COUNT TEN FOR DECLARATORY RELIEF, INJUCTIVE RELIEF, AND DAMAGES
### *Against Defendants, Harran, Ceisler, County of Bucks, and any Doe Defendants*

152.    Plaintiff hereby incorporates all other paragraphs as if set forth herein more fully at length as part of this claim for relief.

153.    Plaintiff seeks declaratory and injunctive relief to effectuate due process, liberty rights, and property rights, by arbitrarily applying the law regarding the transfer of Taggart's property by way of recording a deed on August 4,2025 without authority by way of rule of law.

154.    Defendants effectuated a transfer and recording of a deed from Taggart to Deutsche Bank on August 4, 2025, when there was a pending "Petition to Set Aside the Sale" pending with the court.

155.    Defendants failed to equally applied the law to Taggart and the deprivation of Taggarts due process rights, liberty rights and property rights were violated willingly by the defendants.

156.    Taggart seeks declaratory and injunctive relief from the court declaring the recording of the sheriff's deed on August 4, 2025, was not in compliance with the rule of law and arbitrarily applied to Taggart.

157.    Taggart also seeks damages in the amount of $10,000,000 from each of the Defendants, Bucks County and Harran.

### COUNT ELEVEN FOR DECLARATORY AND INJUNCTIVE RELIEF
*Against, Defendant Mahon, and Doe Defendants of the Superior Court*

158.    Plaintiff hereby incorporates all other paragraphs as if set forth herein more fully at length as part of this claim for relief.

159.    Plaintiff seeks declaratory and injunctive relief to effectuate due process, liberty rights, and property rights, by providing a rule, or mechanism, to determine if an order is final and appealable.

### COUNT TWELVE FOR DECLARATORY, INJUNCTIVE RELIEF, AND DAMAGES
*Against, Defendant Harran, Cisler, Deutsche Bank, and*
*Doe Defendants of the Superior Court*

160.    Plaintiff hereby incorporates all other paragraphs as if set forth herein more fully at length as part of this claim for relief.

161.    Plaintiff seeks declaratory and injunctive relief against Defendants to effectuate due process, liberty rights, and property rights, as Deutsche Bank fraudulently alleged service of the "Writ of Execution" by filing a false affidavit alleging all required parties under the rule of law have been notified of the sale and in compliance with the manner of effectuation of said notice.

162.    The failure of Deutsche Bank to provide notice of sale as required, and as permitted by way of custom of Bucks County, and the Bucks County sheriff, a sale was conducted relying on the writ of execution, but all parties have not bee notified of the sale resulting in prejudice to Plaintiff at the sale.

163.    The deprivation of proper notice deprived the sheriff and Bucks County from selling Plaintiff's property and violated his due process rights, liberty rights, and property rights pursuant to the Fifth and Fourteenth Amendments to the United States Constitution.

164.    Plaintiff seeks injunctive and declaratory relief from the court to declare that notice was not effectuated by way of the rule of law and prejudiced Plaintiff in the sale of his property.

165.    Plaintiff also seeks damages from Defendants in the amount of $10,000,000 for their willful deprivation of Plaintiff's due process and property rights.

## **PRAYER FOR RELIEF**

**Count One (1):**  Plaintiff seeks relief form the court to "Declare" that the Defendants violated Plaintiff's Due Process Rights, Liberty Rights, and Property Rights by depriving him of oral argument when his property rights were at stake. Plaintiff also seeks "Injunctive Relief" to prohibit the practice of rendering decisions on property without oral argument.

**Count Two (2):**  Plaintiff seeks relief form the court to "Declare" that the Defendants violated Plaintiff's Due Process Liberty Rights, and Property Rights by depriving him of any "meaningful hearing" when his property rights were at stake. Plaintiff also seeks "Injunctive Relief" to prohibit the practice of rendering decisions on property without any "meaningful hearing".

**Count Three (3):**  Plaintiff seeks relief form the court to "Declare" that the Defendants violated Plaintiff's Due Process Rights and Liberty Rights by depriving him of the ability to freely access court records online with the ability to effectuate a query search feature. Plaintiff also seeks "Injunctive Relief" to prohibit the practice of restricting or failing to make on-line access available with the ability to initiate a query search of public court records.

**Count Four (4):**  Plaintiff seeks relief form the court to "Declare" that the Defendants violated Plaintiff's Due Process Rights and Liberty Rights by unilaterally placing his court records under seal. Plaintiff also seeks "Injunctive Relief" to prohibit the practice of unilaterally placing records under seal and without cause.

**Count Five (5):**  Plaintiff seeks relief form the court to "Declare" that the Defendants violated Plaintiff's Due Process Rights, Liberty Rights, and Property Rights, by failing to adjudicate claims with equal application of the law and arbitrary application to Taggart. Plaintiff also seeks "Injunctive Relief" to prohibit the practice of arbitrary application of the law against Taggart and provide equal application of the law.

**Count Six (6):**  Plaintiff seeks relief form the court to "Declare" that the Defendants violated Plaintiff's Due Process Rights, Liberty Rights, and Property Rights, by delegating Deutsche Bank to effectuate notice of sale to all parties. Plaintiff also seeks "Injunctive

Relief" to prohibit the practice of delegating lenders, including Deutsche Bank to effectuate notice of a writ of execution.

**Count Seven (7):**    Plaintiff seeks relief form the court to "Declare" that the Defendants violated Plaintiff's Due Process Rights, Liberty Rights and Property Rights, by allowing the unilateral entry of an *in personam* judgment to be entered without authority against Taggart. Plaintiff also seeks "Injunctive Relief" to prohibit the practice in the future by Defendants.

**Count Eight (8):**    Plaintiff seeks relief form the court to "Declare" that the Defendants violated Plaintiff's Due Process Rights, Liberty Rights, and Property Rights, by failing to provide "Reasoning or and Opinion" when adjudicating his claims. Plaintiff also seeks "Injunctive Relief" to prohibit the practice in the future by Defendants.

**Count Nine (9):**  Plaintiff seeks relief form the court to "Declare" that the Defendants violated Plaintiff's Due Process Rights, Liberty Rights, and Property Rights, by failing to provide A "Writ of Execution" in compliance with the rule of law and failing to effectuate "notice of Sale" upon all required parties. Plaintiff also seeks "Injunctive Relief" to prohibit the practice in the future by Defendants. Plaintiff seeks damages from Defendants Harran, Bucks County, and Deutsche Bank in the amount of $10,000,000 each.

**Count Ten (10):**  Plaintiff seeks relief form the court to "Declare" that the Defendants violated Plaintiff's Due Process Rights, Liberty Rights, and Property Rights, by transferring a deed and property rights of Plaintiff to Deutsche Bank on August 4,2025 without authority. Plaintiff also seeks "Injunctive Relief" to prohibit the practice in the future by Defendants. Plaintiff seeks damages from Defendants Harran, Bucks County, and Deutsche Bank in the amount of $10,000,000 each.

**Count Eleven (11):**  Plaintiff seeks "Injunctive Relief" form the court to "Declare" that the Defendants violated Plaintiff's Due Process Rights, Liberty Rights, and Property Rights, when they have failed to provide for a definitive rule or mechanism to determine a final order, an appeal able order, or when the order may be appealed.

**Count Eleven (12):**  Plaintiff seeks "Injunctive Relief" form the court to "Declare" that the Defendants violated Plaintiff's Due Process Rights, Liberty Rights, and Property Rights, when it failed to effectuate notice of the writ of execution and the sale of Plaintiff's property by declaring that the sale is null and void for lack of notice and jurisdiction. Plaintiff also seeks damages in the amount of $10,000,000 from each defendant for the deprivation of his Due Process Rights, Liberty Rights, and Property Rights for lack of proper notice and selling his property without jurisdiction or cause.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

A.    Declare that Defendant's actions violated Plaintiff's constitutional rights under the Fifth and Fourteenth Amendment;

B.    Award Plaintiff reasonable attorney's fees and costs under 42 U.S.C. § 1988 or any other applicable fee shifting statute; and

C.    Grant such other and further relief as the Court deems just and equitable.

Respectfully submitted,

**THE LAW OFFICES OF
DANIEL A. PALLEN P.L.L.C.**

By: Daniel A. Pallen, Esquire
114 W. Front Street
Media, PA 19063
(484) 550-7542
(484) 550-7532 *fax*
*Attorney for Plaintiff*

## VERIFICATION

I, Kenneth Taggart, do hereby verify that the statements made in foregoing Complaint are true and correct to the best of my knowledge, information or belief. The undersigned understands that false statements herein are made subject to the penalties of 28 U.S.C. § 1746, relating to unsworn falsification to authorities.

By: Kenneth Taggart