IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH TAGGART | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| WILLIAM MAHON, et al. | : | NO. 25-7407 |

MEMORANDUM

Bartle, J. July 30, 2026

Plaintiff Kenneth Taggart brings this action pursuant to 42 U.S.C. § 1983. He alleges various constitutional violations relating to state court proceedings that resulted in a foreclosure and sheriff sale of his property in Bucks County, Pennsylvania. He has sued: William Mahon, Judge of the Bucks County Court of Common Pleas; Colleen Christian, Prothonotary of Bucks County; Donna Petrecco, the Prothonotary Elect of Bucks County; Frederick Harran, Sheriff of Bucks County; Danny Ceisler, the Sheriff Elect of Bucks County; the County of Bucks; Benjamin Kohler, the Prothonotary of the Superior Court of Pennsylvania; Deutsche Bank National Trust Company N.A. (hereinafter Deutsche Bank); "John or Jane Doe Defendants of the Bucks County Court of Common Pleas"; and "John or Jane Doe Defendants of Superior Court of Pennsylvania." Only Judge Mahon, Prothonotary Benjamin Kohler, County of Bucks, Deutsche Bank and the Doe defendants have been served with the amended complaint.

All individual defendants have been sued in their official and individual capacities. Plaintiff is seeking injunctive and declaratory relief for the alleged deprivation of his constitutional rights against all defendants as well as damages against Deutsche Bank, Sheriffs Harran and Ceisler, Prothonotaries Christian and Petrecco, Bucks County, and the Doe Defendants.

Before the court are the motions of the judicial defendants (the Honorable William Mahon, Prothonotary Benjamin Kohler, the "John or Jane Doe Defendants of the Bucks County Court of Common Pleas" and the "John or Jane Doe Defendants of Superior Court of Pennsylvania"), Bucks County, and Deutsche Bank to dismiss plaintiff's amended complaint pursuant to Rules 12(b)(1) or 12(b)(6) of the Federal Rules of Civil Procedure.

I

Rule 12(b)(1) of the Federal Rules of Civil Procedure governs jurisdictional challenges to a complaint. "When a motion to dismiss is based on lack of subject matter jurisdiction pursuant to Rule 12(b)(1), as well as other Rule 12(b) defenses, the Court should consider the Rule 12(b)(1) challenge first because, if it must dismiss the complaint for lack of subject matter jurisdiction the accompanying defenses become moot and need not be addressed." Walthour v. Herron, No.

1690, 2011 WL 1325981, at *1 (E.D. Pa. Apr. 7, 2011) (citing Tagayun v. Stolzenberg, 239 Fed. App'x 708, 710 (3d Cir. 2007)).

To determine the correct standard of review under a Rule 12(b)(1) motion to dismiss, the court must first evaluate whether the defendant is submitting a facial or a factual challenge. Const. Party of Pa. v. Aichele, 757 F.3d 347, 357 (3d Cir. 2014). A facial attack contests the sufficiency of the pleadings, whereas a factual attack concerns the actual failure of a plaintiff's claims to comport factually with the jurisdictional prerequisites. Const. Party of Pa. v. Aichele, 757 F.3d 347, 358 (3d Cir. 2014). The defendants' argument that the Rooker-Feldman doctrine bars the complaint here is a factual challenge under Rule 12(b)(1) because the court will be considering the well-pleaded facts and the undisputed underlying state court record. See, e.g., Humphreys v. Wells Fargo Bank, N.A., No. 20-5367, 2021 WL 5726995, at *1 n.1 (E.D. Pa. Mar. 30, 2021); Mason v. Bank of Am., N.A., No. 13-3966, 2013 WL 5574439, at *4 (E.D. Pa. Oct. 10, 2013); Jiricko v. Bennett, Bricklin & Satlzburg, LLP, 321 F. Supp. 2d 636, 640 (E.D. Pa. 2004).

Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court must accept as true all well-pleaded factual allegations

in the complaint and draw all reasonable inferences in the light most favorable to the plaintiff. See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008); Umland v. PLANCO Fin. Servs., Inc., 542 F.3d 59, 64 (3d Cir. 2008). When there is a document "integral to or explicitly relied upon in the complaint," it may also be considered as there is no concern of lack of notice to the plaintiff. See Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (quotation marks omitted)). The court may also take judicial notice of matters of public record. See Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (quoting Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir.1993)).

Rule 8 of the Federal Rules of Civil Procedure requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint need not include "detailed factual allegations," but it must state "more than labels and conclusions" and must provide "enough [factual allegations] to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiffs must "nudge[] their claims across the line from conceivable to plausible." Id. at 570. "Threadbare recitals of the elements

of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Id. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

II

The following facts drawn from the amended complaint are taken as true for present purposes. Additionally, the court takes judicial notice of the state court record in Deutsche Bank Nat. Trust Com. v. Taggart, No. 627 EDA 2021 (Pa. Super. Ct. 2021), Deutsche Bank Nat. Trust Com. v. Taggart, No. 1751 EDA 2025 (Pa. Super. Ct. 2025), and Deutsche Bank Nat. Trust Com. v. Taggart, No. 2048 EDA 2025 (Pa. Super. Ct. 2025), as well as plaintiff's previous action in front of the undersigned regarding the same property and state court proceedings, Taggart v. Trauger, Civ. A. No. 25-982 (E.D. Pa. Feb. 24, 2025).

On October 1, 2018, Deutsche Bank, as trustee for Morgan Stanley ABS Capital I Inc. Trust 2007-HE2, commenced a mortgage foreclosure action against plaintiff in the Court of Common Pleas of Bucks County. The matter went to mediation, but no agreement was attained. The state court then presided over the action and issued multiple pre-trial orders in favor of the

mortgagee Deutsche Bank and against the plaintiff, the mortgagor. The court granted Deutsche Bank's motion for summary judgment on March 15, 2021 and entered an *in rem* judgment in favor of Deutsche Bank in the amount of $835,182.13 on the same day. See Deutsche Bank Nat. Trust Com. v. Taggart, No. 2018-05654-40, 2021 WL 1258418, at *1 (Pa. Com. Pl. Mar. 15, 2021). After several appeals by the plaintiff, the Pennsylvania Superior Court affirmed on October 12, 2023 the *in rem* judgment in favor of Deutsche Bank in the amount of $835,182.13. The Superior Court also denied plaintiff's application for reargument. Plaintiff then filed a petition for allowance of appeal to the Pennsylvania Supreme Court on January 22, 2024. That court denied the petition by a per curiam order on November 20, 2024. The case was remitted to the Bucks County Common Pleas Court on January 27, 2025, and a sheriff sale was scheduled.

On February 24, 2025, plaintiff filed a § 1983 action in this court against Deutsche Bank, Judge Jeffrey Trauger of the Bucks County Common Pleas Court, and Judges Megan King, Megan Sullivan, and Correale Stevens of the Superior Court of Pennsylvania. Plaintiff moved to file a second amended complaint to include Sherriff Herran and Judge Mahon. This court denied the motion on the ground of futility. See Taggart v. Trauger, Civ. A. No. 25-982, 2025 WL 2608613, at *3 (E.D. Pa.

Sept. 8, 2025). The court, on November 24, 2025, dismissed the damages claims and declaratory judgment claims based on the Rooker-Feldman doctrine and dismissed the remaining claims for relief based on immunity for the judicial defendants and on preclusion for Deutsche Bank. See Taggart v. Trauger, Civ. A. No. 25-982, 2025 WL 3280944, at *4, *6-*7 (E.D. Pa. Nov. 24, 2025).

Plaintiff commenced this § 1983 action on December 30, 2025. He filed an amended complaint on February 8, 2026. It includes twelve claims for violations of plaintiff's civil rights for which he seeks declaratory and injunctive relief against all defendants. In three of those claims, he also seeks damages against Deutsche Bank, Judge Mahon, Bucks County, and the Doe defendants.

Judge Mahon of the Bucks County Court of Common Pleas presided over the sheriff sale in 2025. From March to July of 2025, plaintiff filed several emergency petitions to stay the sheriff sale. A petition to intervene was filed by a third party, Diane Kramer, at the same time. The last emergency petition to stay and petition to intervene were denied by Judge Mahon on July 10, 2025, and July 11, 2025, respectively. The property was sold on July 11, 2025. Plaintiff filed three additional notices of appeal challenging Judge Mahon's orders that were quashed. The third appeal was quashed as moot by the

Superior Court on November 7, 2025. In doing so, that court found the "underlying matter has been finalized through appellate review" and that "an actual case or controversy must exist at all stages of the judicial process." The court denied reconsideration. Plaintiff filed a petition for allowance of appeal to the Pennsylvania Supreme Court on February 2, 2026. The Supreme Court denied the petition on May 28, 2026.

Plaintiff asserts numerous reasons why the County, Prothonotary Kohler, the Doe defendants, and Deutsche Bank have violated his constitutional rights. He maintains that Judge Mahon and the Doe defendants disregarded his due process, liberty and property rights before, during and after the sale of his property by failing to provide notice to all parties of the sale of his property, by depriving him of discovery and depositions of material witnesses, by not strike defective writs, by not providing oral arguments or a meaningful hearing, by failing to provide reasoning for their decisions, and by not allowing him to determine if an order is final and appealable. He further argues that said defendants did not equally apply the law and failed to allow for a hearing on new evidence proffered by plaintiff. Additionally, plaintiff asserts that Prothonotary Kohler and County of Bucks violated his due process, liberty, and property rights by failing to allow online access to Superior Court and Bucks County Court of Common Pleas orders,

opinions, and records, and by sealing filings that are the subjects of the claims in this action. Plaintiff also complains that Deutsche Bank and the County of Bucks deprived him of due process and liberty rights because the local custom allowed the parties to participate in entering an *in personem* judgment against him and recording a deed without any authority. Finally, he maintains that County of Bucks improperly delegated duties regarding the sale of his property to Deutsche Bank, and that Deutsche Bank used a defective writ of execution for the sale of his property and failed to properly notify him of the sale.

III

All defendants who have filed a motion to dismiss argue that this suit should be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) based on the Rooker-Feldman doctrine.

The Supreme Court recently reiterated the scope of the Rooker-Feldman doctrine in T. M. v. Univ. of Maryland Med. Sys. Corp., 146 S. Ct. 1739 (2026). Under that doctrine, federal district courts lack jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." T. M. v. Univ. of Maryland Med. Sys. Corp.,

146 S. Ct. 1739, 1744 (2026) (citing Exxon Mobil v. Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)). The Supreme Court explained that federal district courts are granted only "original jurisdiction of all civil actions raising federal questions" and when a plaintiff "essentially invit[es] federal courts of first instance to review and reverse unfavorable state-court judgments," they are seeking an exercise of appellate jurisdiction. T. M. v. Univ. of Maryland Med. Sys. Corp., 146 S. Ct. 1739, 1746-47 (2026) (internal quotation marks omitted). Rooker-Feldman ousts the district court of jurisdiction when "plaintiffs seek review of state-court judgments, regardless of whether those judgments are final trial-court judgments or those of a State's highest court." Id. at 1752.

The pending action, with respect to plaintiff's declaratory relief and damages claims, is a case "brought by state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection" of that judgment. Id. at 1744. Plaintiff lost in the state court, judgment was rendered, and the sheriff sale was completed before this federal lawsuit was filed on December 30, 2025. He complains of injuries caused by the state court judgment. He asserts that the defendants violated his due process, and

property rights when he was prosecuting his claims and appeals related to the foreclosure and sheriff sale without a mandatory written opinion, denied him a meaningful hearing, oral argument, online access to records and sealed filings and arbitrarily applied the law regarding the writ of execution and deed recording. He also alleges that Deutsche Bank did not provide proper notice of the sale of his property and Bucks County custom allowed this lack of notice and improperly delegated other duties through its judicial customs.

Plaintiff is seeking some of the same relief that T. M. sought in T. M. v. Univ. of Maryland. See 146 S. Ct. at 1745. As plaintiff did in his previous federal court action, he seeks this court to "declare" that defendants violated his due process, liberty and property rights in ten claims. The declaration that plaintiff seeks is without question complaining of injuries caused by the state court judgment and asking the court to review and reject it. Declaratory relief cannot be granted without a declaration that the judgment and subsequent sheriff sale are invalid. See Great W. Mining & Min. Co. v. Fox Rothschild LLP, 615 F.3d 159, 168 (3d Cir. 2010); Van Tassel v. Lawrence Cnty. Domestic Rels. Sections, 390 F. App'x 201, 203 (3d Cir. 2010) (per curiam). In order to grant the plaintiff the relief sought, this court must take action that would render the state court judgment ineffectual. See Coppedge v. Deutsche

Bank Nat. Tr. Co., Civ. A. No. 12-3268, 2013 WL 1827584, at *3 (E.D. Pa. May 1, 2013) (internal quotation marks omitted). The Rooker-Feldman doctrine deprives this court of jurisdiction to the extent plaintiff seeks declaratory relief against the defendants.

Additionally, plaintiff "seeks 'injunctive relief' form [sic] the court to 'Declare' that Defendants violated Plaintiff's Due Process Rights, Liberty Rights, and Property Rights" for two claims. These requests are seeking injunctions to declare that the past state court actions were invalid, and Rooker-Feldman deprives this court of jurisdiction. As the Supreme Court stated in T. M., "failing to abide by the doctrine amounts to exercise of judicial power that the inferior court lacks." T.M., 146 S. Ct. at 1747-48.

Plaintiff seeks damages against Deutsche Bank, Judge Mahon, Bucks County, and the Doe defendants for the deprivation of his due process rights "resulting from the procedures employed in connection with the notice, adjudication, and sale of his property" and arbitrarily applying the law "regarding a 'Writ of Execution' to effectuate a sale of his property" and when recording the deed after the sale. The only basis for such relief is the invalidity of the state court judgment because the injuries complained of stem from the state court judgment and

its subsequent proceedings. See Taggart v. Trauger, Civ A. No. 25-982, 2025 WL 3280944, at *4 (E.D. Pa. Nov. 24, 2025).

The fact that the claims arise out of the sheriff sale that occurred after the foreclosure proceedings does not change the analysis under Rooker-Feldman. In Gray v. Martinez, the Court of Appeals affirmed the district court's decision to dismiss a claim arising out of a state foreclosure action on the basis that the relief sought by plaintiff was barred by the Rooker-Feldman doctrine. Gray v. Martinez, 465 F. App'x 86, 90 (3d Cir. 2012); see Taggart v. Trauger, Civ. A. No. 25-982, 2025 WL 2608613, at *2 (E.D. Pa. Sept. 8, 2025). Plaintiff sought relief against the Sheriff of Delaware County on the ground that he had scheduled a sheriff's sale as a result of the state court's purportedly unlawful decision to allow foreclosure on a property owned by plaintiff's mother. Gray, 465 F. App'x at 87. The Court of Appeals concluded that dismissal as to the Sheriff of Delaware County was proper because he "brought about [the state court decision's] outcome" and because a finding that the Sheriff's conduct was unlawful would require the federal court to "directly review the validity of the state court judgment" in violation of Rooker-Feldman. Id. at 89. The same is true for the declaratory relief and damages sought in the pending action.

Plaintiff also seeks injunctive relief against all defendants to prevent the defendants from causing future harm.

In this respect, plaintiff is not challenging the state judgment as the court need not reject, that is invalidate, the judgment in order for the plaintiff to prevail on this remedy. Rooker-Feldman does not present a jurisdictional bar to federal review when the plaintiff asserts not that the state-court decisions should be overturned but that the parties, as a result of their past conduct, will be violating his rights in the future. Geness v. Cox, 902 F.3d 344, 360-61 (3d Cir. 2018); Great W. Mining, 615 F.3d at 172-73. Here, the claim is independent of the state judgment and can be decided without overturning the judgment. While the claims for injunctive relief may fail on other grounds, the Rooker-Feldman doctrine does not strip jurisdiction for his claims seeking injunctive relief for future harm.

Accordingly, this court lacks subject matter jurisdiction under Rooker-Feldman over plaintiff's damages claims against Deutsche Bank, Judge Mahon, Bucks County, and the Doe defendants, and over his claims for declaratory relief and other "declarations" against all defendants who have brought a motion to dismiss. The Rooker-Feldman defense does not destroy the court's subject matter jurisdiction over plaintiff's claims for injunctive relief against future harm.

IV

The judicial defendants (Judge Mahon, Prothonotary Kohler, the "John or Jane Doe Defendants of the Bucks County Court of Common Pleas" and the "John or Jane Doe Defendants of Superior Court of Pennsylvania") assert that to the extent the Rooker-Feldman doctrine does not apply, this action should be dismissed under Rule 12(b)(6) on the ground that they are immune from suit.

It has been well established by the Supreme Court that it is of the "highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself." Stump v. Sparkman, 435 U.S. 349, 355 (1978) (quoting Bradley v. Fisher, 80 U.S. 335, 347 (1871)). The Court explained that the immunity is expansive: "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority, but rather he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Id. at 356-57 (quoting Bradley, 80 U.S. at 351). Immunity applies when judges are sued in their individual or official capacities. See Mireles v. Waco, 502 U.S. 9, 12 (1991)); see also Jaye v. Att'y Gen. New Jersey, 706 F. App'x 781, 784 (3d Cir. 2017). The Supreme Court has specifically

applied judicial immunity in actions under § 1983. Sparkman, 435 U.S. at 356; see also Corliss v. O'Brien, No. 05-0347, 2005 WL 2334792, at *2 (M.D. Pa. Sept. 23, 2005).

Immunity protects judges only when they are functioning in their adjudicatory capacity. Sparkman, 435 U.S. at 359-62; see also Brandon E. ex rel. Listenbee v. Reynolds, 201 F.3d 194, 199 (3d Cir. 2000). Judge Mahon and the unnamed Superior Court and Bucks County Court of Common Pleas judges had jurisdiction over all referenced underlying actions and proceedings and are being sued for their judicial actions in those proceedings. See Taggart v. Trauger, Civ. A. No. 25-982, 2025 WL 3280944 at *5 (E.D. Pa. Nov. 24, 2025). They are therefore entitled to judicial immunity.

Quasi-judicial immunity is afforded to administrative staff, prothonotaries, and related individuals who are vital to the judicial process or act pursuant to a judge's instructions. Gallas v. Supreme Ct. of Pennsylvania, 211 F.3d 760, 772-73 (3d Cir. 2000); Marcedes v. Barrett, 453 F.2d 391, 392 (3d Cir. 1971); Lockhart v. Hoenstine, 411 F.2d 455, 460 (3d Cir. 1969). Such judicial immunity insulates from suit those public officials who "perform functions closely associated with the judicial process." Bennett v. Heap, Civ A. No. 25-1349, 2026 WL 243212, at *5 (M.D. Pa. Jan. 29, 2026). The dispositive inquiry in determining whether to afford an individual quasi-judicial

immunity is "the nature of the function performed, not the identity of the actor who performed it." Id. (quoting Tucker v. I'Jama, 173 F. App'x 970, 971 (3d Cir. 2006)). Prothonotary Kohler is being sued for both failing to allow plaintiff to have online access to records in Superior Court cases and sealing filings that are the subjects of the claims in this action. The administration of records and sealed filings are integral parts of the judicial process. Consequently, Prothonotary Kohler has immunity for his actions.

In addition, § 1983 by its terms puts restrictions on injunctive relief against judicial officers. Even if judicial immunity does not apply and injunctive relief were available, plaintiff's claims against the judicial defendants still fail. Issuance of an injunction requires a threat of future harm. Ke v. DiPasquale, 828 F. App'x 98, 101 (3d Cir. 2020) (citing City of Los Angeles v. Lyons, 461 U.S. 95, 105-07 (1983)). Plaintiff does not plausibly allege any current or likely threat of future harm from any of the judicial defendants.

Judge Mahon and the Doe defendants, who are judges in the Bucks County Court of Common Pleas and the Pennsylvania Superior Court, were acting in their adjudicatory capacities and had jurisdiction. Immunity bars plaintiff's action against them. Prothonotary Kohler has immunity for the claims against him because he was performing actions closely associated with

the judicial function. Since the action must be dismissed as to the defendants based on immunity, the court does not need to reach their remaining arguments.

V

Deutsche Bank asserts that even if the court has subject matter jurisdiction over plaintiff's claims against it, plaintiff fails to state claims upon which relief can be granted because it was not acting under "color of law."

Plaintiff's amended complaint is filed pursuant to § 1983 for constitutional violations caused by Deutsche Bank acting under "color of state law." Under § 1983, however, a plaintiff must establish: (1) the deprivation of a constitutional right; and (2) the deprivation was caused by a person acting under the color of state law. See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 235 (3d Cir. 2008). To show that the defendant acted under color of state law, a litigant must establish that the defendant is a "state actor" under the Fourteenth Amendment. Benn v. Universal Health System, Inc., 371 F.3d 165, 169 (3d Cir. 2004).

In Swope v. Northumberland Nat'l Bank, 625 F. App'x 83 (3d Cir. 2015), a plaintiff filed bankruptcy actions, appeals, and a federal court complaint to postpone an underlying state court foreclosure action and sheriff sale. Id. at 85. After the district court dismissed plaintiff's claims with prejudice,

the Court of Appeals considered whether a financial institution's use of a state foreclosure process could serve as the basis for a § 1983 claim. Id. The Court emphatically denied plaintiff's "invitation to turn his garden variety sheriff's sale into a § 1983 claim," and joined several sister circuits finding that a bank's use of a state foreclosure process will not ordinarily constitute a § 1983 violation. Id. at 86-87.

The same analysis applies to the pending action. Deutsche Bank did not become a state actor by participating in a state foreclosure process and sheriff sale. Because all the claims against Deutsche Bank are based on Section 1983, they will be dismissed. As a result, the court need not reach Deutsche Bank's remaining arguments, including its argument that plaintiff's claims fail based on preclusion.

VI

Finally, Bucks County asserts that plaintiff fails to plead any specific, nonconclusory allegations that would subject the County to liability under § 1983.

Under Monell v. Department of Social Services, 436 U.S. 658 (1978), municipalities can be held liable for constitutional violations committed by their employees under § 1983. However, that liability cannot be based on respondeat superior. Id. at 694-95. Rather, a municipality is only liable

when the violation of the plaintiff's constitutional rights is the result of the municipality's policy, practice, or decision of a final municipal policy maker. Id. at 694.

To establish a Monell claim, the plaintiff must plead that the cause of their harm is either: (1) an express municipal policy, such as an ordinance, regulation, or policy statement; (2) a widespread practice that is so "permanent and well settled as to constitute a custom or usage with the force of law"; or (3) the decision of a person with final policymaking authority. Id. at 690-91; Wright v. City of Philadelphia, 685 F. App'x 142, 146 (3d Cir. 2017). Conclusory references to "policies" or "practices" are insufficient. Iqbal, 556 U.S. at 678; see Young v. City of Chester, 764 F. App'x 262, 265-66 (3d Cir. 2019).

Plaintiff's amended complaint is factually insufficient to support a Monell claim. The amended complaint argues that certain "customs" in Bucks County allowed for the constitutional violations committed against plaintiff. A plaintiff may establish a custom by "making specific reference to 'multiple incidents' implicating a particular custom" or "by conducting a statistical analysis of lawsuits against a municipality for a violation of a particular constitutional right." Round v. City of Phila., 2020 WL 2098089, at *7-8 (E.D. Pa. May 1, 2020). The complaint does not point to other instances where an alleged custom or any statistical analysis

showing a custom of violations. It merely makes conclusory references to customs. Accordingly, the remaining claims against Bucks County will be dismissed.